1. WILLS—CONSTRUCTION—LAPSED LEGACIES.
    Testator directed his executors to sell his residuary estate, and distribute a portion of the proceeds among certain persons, and to divide all the rest and remainder of the proceeds equally among the children of his brother when they reached majority. *Held*, that legacies to another brother and two sisters of the testator, which lapsed on their death before that of the testator, went to the children of his brother, and not to his next of kin.

In the matter of the settlement of the account of Charles L. Woolley, administrator with will annexed of Henry C. Woolley, deceased. Decree for settlement.

George W. Weiffenbach, for administrator.
Quintin & Foulk, for next of kin.

FITZGERALD, S. The will submitted for construction contains the following clause:

"Seventh. All the rest, residue, and remainder of my estate, real and personal, or of whatsoever the same may consist, or wheresoever the same may be situate, which at the time of my death I may have held or been entitled to, I give, devise, and bequeath to my executors hereinafter named, to have and to hold the same in trust for the uses and purposes following: To sell and dispose of the same, and apply the proceeds as follows: First. To pay the one-fifth part thereof to my sister Sarah Ann Jarvis. Second. To pay the one-fifth part thereof to my sister Eliza Jane Reed. Third. To pay the one-fifth part thereof to my sister Mary A. Simmons. Fourth. To pay the one-fifth

part thereof to my brother, Oliver J. Woolley. Fifth. To pay the one-tenth part thereof to my friend, Caroline S. Dean. Sixth. To pay Mary Black, wife of John H. Black, the sum of $200. Seventh. To pay George H. Black, son of said John H. Black, the sum of $200. Eighth. To pay Mary A. Black, daughter of said John H. Black, the sum of $200. Ninth. To pay Henry C. W. Black, a son of said John H. Black, when he arrives at full age, the sum of $200. Tenth. To divide all the rest, residue, and remainder of said proceeds among the children of my brother, Oliver J. Woolley, share and share alike, when they respectively arrive at the age of 21 years."

Sarah Ann Jarvis, Mary A. Simmons, and Oliver J. Woolley died during the lifetime of the testator, but he made no change in the provisions of his will on that account. The legacies to these three beneficiaries have lapsed, and the question submitted is whether the next of kin of the deceased will take these lapsed legacies, as in the case of intestacy, or whether the children of Oliver J. Woolley, named in the tenth subdivision, will receive the same under the said tenth subdivision. The last-mentioned clause is in terms a general residuary clause, and disposes of the residue of the residuary estate, and, therefore, the lapsed legacies of the three beneficiaries are to be disposed of by this clause. Morton v. Woodbury, 153 N. Y. 243, 254, 47 N. E. 283. The decree noticed for settlement will provide for distribution in accordance with this memorandum.

Decreed accordingly.